IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. HARRIS, Co-Administratix of the Estate of RYAN D. MASETH, deceased, and DOUGLAS MASETH, Co-Administrator of the Estate of RYAN D. MASETH, deceased, Plaintiffs, <br><br> v. <br><br> KELLOGG, BROWN & ROOT SERVICES, INC., Defendant. | Civil Action No. 08-563 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

Pending before the Court is a Motion to Include a Sharing Provision in the Court's Confidentiality Order filed by Plaintiffs, Cheryl A. Harris and Douglas Maseth, executrix and executor of the Estate of Ryan Maseth, respectively, (hereinafter "Plaintiffs") on November 19, 2008. (Docket No. 83). Plaintiffs seek the addition of a provision to the proposed Confidentiality and Protective Order which would permit them to disclose confidential information discovered in this litigation with similarly situated plaintiffs, federal officers, military personnel, or other governmental officials contingent upon an agreement by these individuals to be bound by the terms and conditions of the Confidentiality and Protective Order. (*Id*.). Defendant Kellogg, Brown and Root Services, Inc. (hereinafter "Defendant") generally objects to the inclusion of such a provision in the Order except that it has proposed a more limited sharing provision permitting the disclosure of confidential information to litigation counsel for the Army. (Docket No. 86).

As noted in the Court's previous Memorandum Order, the parties have engaged in

negotiations regarding the terms and conditions of a proposed Confidentiality and Protective Order to govern the discovery of confidential materials in this action since its inception. (Docket No. 79 at 1-2). The parties reached an impasse regarding several provisions and Defendant sought intervention from the Court by way of a motion for a protective order. (*Id.*). Upon consideration of the parties' respective positions, the Court granted in part and denied in part Defendant's Motion for a Protective Order, granting the inclusion of Defendant's proposed paragraphs 7, 8, 12, and 15 except as modified by the Court's appointment of a Special Discovery Master, and denying Defendant's proposed paragraph 5. (*Id.* at 14-15).

Pursuant to that Memorandum Order, the Court convened a status conference on November 12, 2008 to discuss the appointment of said Special Discovery Master and to finalize the Confidentiality and Protective Order. (Docket No. 82). At that time, Plaintiffs' counsel requested the addition of a sharing provision to the Confidentiality and Protective Order. (*Id.*). The Court ordered the parties to meet and confer to negotiate the terms and conditions of such provision to be included in the Order and scheduled another conference call on November 14, 2008. (*Id.*). During that conference call, the Court was informed that the parties again could not reach agreement on proposed language. (Docket No. 82). The Court then ordered Plaintiffs to file a written motion and issued a briefing schedule. (*Id.*).

The pending motion was filed by Plaintiffs on November 19, 2008, (Docket Nos. 83 and 84), and Defendant filed its response on November 26, 2008. (Docket No. 86). The Court heard oral argument on the motion on December 1, 2008. (Docket No. 87). During argument, Plaintiffs requested an opportunity to file a reply or supplemental evidence in support of their motion, which was granted by the Court. (*Id.*). Plaintiffs filed their supplement on December 2, 2008. (Docket No.

88). In turn, Defendant filed its Sur-Reply Brief in Opposition. (Docket No. 89). As the briefing is complete, the motion is now ripe for disposition.

    1.    *Plaintiffs' Proposed Additions to the Confidentiality and Protective Order*

As presently constituted, paragraph 2 of the Confidentiality and Protective Order governs the disclosure of confidential information,[1] specifically designating classes of persons to whom such information may be disclosed. In general, the Order permits disclosure of confidential information to the following: named parties in this action; their counsel, experts, consultants and staff; witnesses; court personnel; non-parties who are required to receive such information by statute, court order, subpoena or other legal process; and others as more fully stated in said paragraph. The full text of paragraph 2 provides:

> 2. Except as otherwise provided herein or by further order of the Court, Confidential Information may, subject to the conditions set forth herein, be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons:
>
>     a. Any named party in this action, including its present or

---

[1] Paragraph 1 of the Confidentiality and Protective Order sets forth the definition of Confidential Information and provides that:

> "Confidential Information" as used herein shall mean information and documents the disclosure of which to or by the receiving party would result in the disclosure of confidential information regarding the on-going military operations in Iraq, information regarding personnel of Kellogg Brown & Root Services, Inc. ("KBRSI") stationed in Iraq or proprietary, business or commercial information as provided under Rule 26(c) of the Federal Rules of Civil Procedure, or private information which is otherwise protected from disclosure under applicable law.

(Docket No. 68-2 at ¶ 1).

former directors, officers, employees, outside or in-house auditors, and insurers;

b. Any other person or entity to whom/which any party is statutorily obligated to produce Confidential Information;

c. Counsel for any party in this action and attorneys, paralegals, and secretarial, clerical, and other support personnel employed by such counsel's firm when operating under such counsel's supervision and control;

d. Judges and court personnel of the United States District Court for the Western District of Pennsylvania; the jury in this action; certified court reporters acting as such; and to the extent necessary to prosecute any appeals of this action, the judges and court personnel of the federal appellate courts in which the Western District sits;

e. Such persons as are engaged by a party or counsel to act as testifying or consulting experts;

f. Witnesses (including their attorneys) during the course of or, to the extent necessary, in preparation for, depositions or testimony in this Litigation;

g. Non-Parties to whom Confidential Information must be produced subject to a subpoena, court order, or other legal process in accordance with Paragraph 19 below;

h. any author or recipient (outside of the Litigation) of Confidential Information;

i. Any mediators or other persons involved in alternate dispute resolution proceedings as designated by the court or agreed to by the parties; and

j. As specified or allowed pursuant to any other provision of this Order.

(Docket No. 68-2 at ¶ 2).

In their motion, Plaintiffs seek the addition of the following provisions to paragraph 2 of the Order:

> (k) Attorneys representing a plaintiff, and the experts and consultants retained by a plaintiff, on other cases against DEFENDANT involving claims of negligent or wrongful activities associated with contractor activities in Iraq or Afghanistan; and
>
> (l) Federal officers, military personnel, or other government officials.

(Docket No. 83 at ¶ 3). Plaintiffs have also proposed that the following language be added "to safeguard the integrity of the Court's Confidentiality Order":

> (3) Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraphs 2(k) and 2(l) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing, by signing a copy of this Protective Order, to be bound by its terms and to submit to the jurisdiction of this Court.

(*Id.*). Defendant objects to the additions of both proposed subparagraph (k), permitting the disclosure to similarly situated litigants, and subparagraph (l), permitting disclosure to federal officers, military personnel or other government officials. (Docket No. 86).

    2.    *Sharing With Similarly Situated Litigants*

Plaintiffs first argue for the inclusion of proposed subparagraph (2)(k) permitting the sharing of information with similarly situated litigants. (Docket No. 84). Plaintiffs maintain that similar sharing provisions have been adopted and are looked upon with favor by federal courts in that such provisions promote fairness and efficiency among litigants as well as prevent waste. (*Id.*). They further contend that sharing among similarly situated litigants is also supported in situations akin to this case where a large disparity exists between the resources available to individual plaintiffs and a large corporate defendant. (*Id.*). Defendant counters that such a provision is not warranted and that its inclusion exposes its confidential information to a great risk of wide dissemination to individuals

not involved in this litigation. (Docket No. 86).

The cases cited by Plaintiffs in support of their arguments are distinguishable from the instant matter in several respects. First, the collaborative discovery as discussed in those cases involved not only the same defendant but also the same cause of action as opposed to sharing based on the broad scope of "negligent or wrongful activities" of Defendant in Iraq or Afghanistan that Plaintiffs propose. *See e.g., Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980) (multi-district litigation against the AMA under the antitrust laws for an alleged conspiracy to eliminate the chiropractic profession involving virtually identical allegations of a nationwide conspiracy); *Cipollone v. Liggett Group et al.*, 113 F.R.D. 86 (D.N.J. 1986)(products liability actions against the tobacco companies involving the same products); *Patterson v. Ford Motor Co.*, 85 F.R.D. 152 (W.D.Tex. 1980)(products liability actions against motor company involving the same product); *Ward v. Ford Motor Co.*, 93 F.R.D. 579 (D.Co. 1982)(products liability actions against motor company involving the same products). Second, the decisions cited by Plaintiffs did not involve sharing of confidential information of a government contractor providing services to a branch of the United States Armed Forces in a war theater, as is the case here. (In fact, neither Plaintiffs nor Defendant could direct this Court to a parallel case addressing this issue.). Third, several of the cited decisions concerned the intervention of a non-party that sought access to discovery materials while there is no intervening party, government or otherwise, in this action which is seeking to prevent the Court from issuing a protective order. *Wilk*, 635 F.2d 1295 (intervention of the state of New York to obtain access to discovery materials); *Pansy v. Borough of Stroudsburg et al*, 23 F.3d 772 (3d Cir. 1994)(newspaper intervened to challenge protective order over settlement agreement under disclosure of information laws). Finally, the decision in *Cipollone*, which is heavily relied upon by

Plaintiffs in support of their motion, did not permit the plaintiff in that action to control the disclosure of confidential materials, but required a similarly situated plaintiff to seek leave of court prior to any disclosure. *See Cipollone*, 113 F.R.D. at 91. As discussed in further detail below, the Court declines to cede control of Defendant's confidential information in this action to Plaintiffs, which would be the ultimate effect of the Court's adoption of Plaintiffs' proposed subparagraph (2)(k).

The proposed language is also very broad and would essentially permit the disclosure of Defendant's confidential information to any prospective litigant with any type of claim against Defendant arising out of its activities in Iraq or Afghanistan. The language is even outside the scope of the parties' stipulated definition of confidential information,[2] which includes only information gleaned from Defendant's activities in Iraq.

While the language as currently proposed by Plaintiffs is overbroad, the Court acknowledges that Plaintiffs' argument for the inclusion of the sharing provision is limited to a smaller class of potential plaintiffs, i.e., soldiers or the estates of soldiers who have been electrocuted at facilities maintained by Defendant in Iraq. Plaintiffs have identified one such lawsuit that is pending at this time, *Larraine McGee, as surviving mother of Chris Everett and on behalf of the Estate of Chris Everett, and Patrick Everett as surviving father of Chris Everett v. Arkel International, LLC., KBR Technical Services, Inc. and Kellogg, Brown and Root Services, Inc.*, Civil Action No. 08-2709 (S.D.Tex removed on Sept. 5, 2008). Plaintiffs have also represented that sixteen other soldiers have

---

[2] As discussed in the Court's prior Memorandum Order, Plaintiffs have never challenged the definition of confidential information set forth in the Confidentiality and Protective Order. (*See* Docket No. 79 at 9).

been electrocuted at facilities maintained by Defendant in Iraq (for which Defendant strongly denies responsibility in its response), but identify no other similar pending litigation against Defendant. The *McGee* case, based on the facts that have been argued by the parties here, is factually distinguishable from the instant matter. Admittedly, the two matters involve a similar cause of death, electrocution, however, the manner of both deaths was different (a faulty water pump versus a power washer), they took place in different locations (Radwaniyah Palace versus Camp Taqaddum), and Defendant may have been providing services to these locations under different task orders issued pursuant to its general contract with the Government.[3] (*See* Docket No. 86-3). Further, it appears that no discovery has been taken in the *McGee* action, while limited discovery has been ordered in this matter on the pending motion to dismiss. Thus, the Court is not currently able to ascertain what information has been designated as confidential by Defendant or whether that information should be properly shared with the plaintiffs in *McGee*. The Court is certainly aware of the similarities in the two actions, but with the limited information before this Court, we decline to craft an exception to the Confidentiality and Protective Order permitting the requested disclosure at this time.

The Court is also persuaded in its ruling by the decisions cited by Defendant in its opposition which have denied blanket sharing provisions in confidentiality orders as undermining the purpose of a confidentiality order and acknowledging that sharing can best be accomplished through a separate proceeding involving the non-party. *Massachusetts v. Mylan Labs.*, Inc., 246 F.R.D. 87, 91 (D. Mass. 2007); *Gil v. Ford Motor Co.*, Civil Action No. 1:06CV122, 2007 WL 2580792, at *6 (N.D.W.Va. Sept. 4, 2007)(granting motion for confidentiality order without a provision which

---

[3] Defendant provides services under the LOGCAP III contract, No. DAAA09-02-D-0007, originally awarded on December 14, 2001. (*See* Docket No. 1-3 at ¶ 9).

permitted sharing with unknown similarly situated litigants); *Petersen v. DaimlerChrysler Corp.*, No. 1:06 CV 00108 TC PMW, 2007 WL 914738, at *1 (D. Utah Mar. 5, 2007)(rejecting a sharing provision as "[s]uch sharing requests can and should be considered on an 'as-needed' basis throughout the course of the litigation, rather than ... with a broad order at this stage"); *Province v. The Pep Boys-Manny, Moe & Jack*, No. Civ. A. 99-2162, 2000 WL 420626, at *1, 4 (E.D. Pa. Apr. 12, 2000)(rejecting sharing provision as information shielded by the protective order was accessible to similarly situated plaintiffs by statute). In this Court's estimation, these decisions stand for the proposition that while sharing may be preferred, confidential information is best protected, if the court is able to determine with whom sharing is permitted.

Accordingly, Plaintiffs' Motion to include a sharing provision enabling Plaintiffs to share confidential information with similarly situated litigants is denied. In so holding, the Court is mindful of the fundamental principles underlying the Third Circuit decisions and the Manual for Complex Litigation which promote the sharing of information between similarly situated litigants, i.e., promoting fairness, efficiency and preventing waste. *See* MANUAL FOR COMPLEX LITIGATION FOURTH, FEDERAL JUDICIAL CENTER §§ 11.423; 40.27 (2004); *Allied Co. v. Jim Walter Co. et al*, Civ. A. Nos. 86-3086, 95-5530, 1996 WL 346980, at *4 (E.D.Pa. June 17, 2996)(citing *Pansy*, 23 F.3d at 787-790)(describing factors set forth by Third Circuit in *Pansy* including "whether the sharing of information among litigants will promote fairness and efficiency"). However, the Court does not feel that a blanket sharing provision is warranted at this time. There are simply too many unknown variables for this Court to grant the relief requested. Further, paragraphs 2(j) and 7 of the Confidentiality and Protective Order as presently drafted and Rule 24(b) of the Federal Rules of Civil Procedure provide for the orderly determination of whether a person constitutes a similarly situated

litigant to Plaintiffs here, and whether sharing of confidential information to that person is warranted.

As noted, current subparagraph 2(j) permits disclosure of confidential information "[a]s specified or allowed pursuant to any other provision of this Order." (Docket No. 68-2 at ¶ 2(j)). In addition, paragraph 7 provides for a procedure for the Special Discovery Master to determine if sharing with non-designated persons is appropriate in the event that either party believes that such sharing is necessary. The full text of paragraph 7 provides that:

> 7. If either counsel believes that it is necessary to disclose Confidential Information to persons other than designated persons in this Order, then such counsel must seek approval of the Special Master. Before prior approval for further disclosure of protected documents is sought from the Special Master, counsel must provide 5 business days notice and confer in writing with opposing counsel and attempt to reach agreement on the extent of further disclosure. Counsel must advise the Special Master of their compliance with the preceding sentence and their agreement or lack thereof when prior approval for further disclosure is sought.

(Docket No. 68-2 at ¶ 7 as amended by Docket No. 79). Therefore, pursuant to this paragraph and subparagraph 2(j), if Plaintiffs want the ability to disclose confidential information to a non-designated person, they should follow the above procedures which they negotiated. All that they need to do is identify the confidential information that they wish to disclose, confer with opposing counsel to determine if such disclosure is agreeable, and, if not, apply to the Special Master for a determination.

Additionally, in the event that a non-designated person or entity seeks access to confidential information in this litigation, that person or entity can move to intervene in this action under Rule 24(b) of the Federal Rules of Civil Procedure. Rule 24(b), titled Permissive Intervention, provides that "[o]n timely motion, the court may permit anyone to intervene who: ... (b) has a claim or defense

that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The United States Court of Appeals for the Third Circuit has held that "the procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy*, 23 F.3d at 778 (citations omitted); *see generally* 8 WRIGHT, MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2044.1 (discussing the modification of protective orders through Rule 24). Thus, any non-designated persons who desire to obtain the confidential information produced in this litigation have the opportunity to intervene and seek a legal ruling regarding the disclosure of confidential information, while submitting to the jurisdiction of this Court.

Finally, Plaintiffs' inclusion of proposed paragraph 3, requiring that similarly situated plaintiffs agree to be bound by the Confidentiality and Protective Order as well as the jurisdiction of this Court, does not save its proposed paragraph 2(k). This language does not rectify the Court's primary concern in denying Plaintiffs' motion, that Plaintiffs would control to whom Defendant's confidential information is disclosed prior to any determination that said disclosure is warranted. Accordingly, Plaintiffs' Motion is denied to the extent that it requests the inclusion of a sharing provision for similarly situated litigants.

   3. *Sharing With Government Entities/Individuals*

Plaintiffs also seek the ability to share confidential information with "[f]ederal officers, military personnel, or other government officials." (Docket No. 83). Plaintiffs argue that such sharing is necessary as the confidential information produced in this matter is relevant to investigations currently pending before other branches of the government including the United States Army Criminal Investigation Division and the Congressional Committee on Oversight and

Government Reform. (*Id*. at 7-8). Plaintiffs do not cite any case law in support of their argument. Defendant objects to this provision as overbroad and unnecessary given the government entities' ability to procure the information directly from Defendant by other means, including by use of their own subpoena power. Defendant further argues that the inclusion of paragraph (2)(g) in the Confidentiality and Protective Order, which permits sharing of information to "Non-Parties to whom Confidential Information must be produced subject to a subpoena, court order, or other legal process" obviates the need for such a provision. (Docket No. 86 at 6).

Defendant relies on *Massachusetts v. Mylan Labs., Inc.*, a decision from the United States District Court for the District of Massachusetts. In *Mylan*, the district court denied the Commonwealth of Massachusetts' motion to modify a protective order to include a provision permitting sharing of discovery materials with other federal and state government entities. *Mylan*, 246 F.R.D. at 91-93. The district court held that the government entities had other means to acquire the information and that the preferred mechanism for them to obtain access to the discovered materials was through intervention under Rule 24. *Id*. at 91-92. The Court finds that the analysis of the district court in *Mylan* is applicable here. The government entities mentioned by Plaintiffs have the ability to obtain information directly from Defendant by other means which do not necessitate the inclusion of a blanket sharing provision in the Confidentiality and Protective Order here. In addition, Plaintiffs have the ability to share information with said entities according to the procedures in paragraph 7 and/or the entities themselves have the ability to intervene in this action and seek disclosure under Rule 24.[4] Accordingly, Plaintiffs' Motion is denied to the extent that it

---

[4] *See* discussion *supra* at p. 9-11.

requests a blanket provision to share confidential information with governmental entities.

Finally, Defendant has identified additional persons that should be designated as permitted to receive confidential information, namely United States Army litigation counsel. (*Id.*). Defendant proposes that the following subparagraph be added to the Confidentiality and Protective Order:

> (k) United States Army litigation counsel for the purpose of arranging an interview or deposition of a soldier in the United States Army, provided that, before giving access to any Confidential Information the United States Army litigation counsel agrees in writing to be bound by the terms of this Order and submit to the jurisdiction of this Court.

Plaintiffs have not objected to the inclusion of this provision. The Court understands that Army litigation counsel has been involved with the depositions of soldiers that have taken place and recognizes that disclosure of confidential information to those individuals is necessary. In addition, the Court finds the provision to be reasonable. Accordingly, the Court will adopt the language proposed by Defendant and incorporate it into the Confidentiality and Protective Order.

    *4.    Balancing of Parties Interests*

The parties have generally agreed that the proposed Confidentiality and Protective Order is necessary in this litigation to protect confidential information including but not limited to "the on-going military operations in Iraq, information regarding personnel of [Defendant] stationed in Iraq or proprietary, business or commercial information." (Docket No. 68-2 at ¶ 1). The Court likewise agrees that the potential sensitivity of this information warrants protection from disclosure. The Court is mindful of the safety of the men and women in the military as well as those employed by military contractors. The Court also understands the policies underlying Plaintiffs' motion and does not dispute that sharing discovery information may be warranted in some circumstances.

However, the relief requested by Plaintiffs is denied based on the record before the Court and the fact that the current procedures for sharing set forth in the proposed Confidentiality and Protective Order as well as intervention pursuant to Rule 24 of the Federal Rules of Civil Procedure are adequate to enable a similarly situated plaintiff or government entity to obtain access to the confidential information after a ruling by the Court or the Special Master.

    5.    *Conclusion*

Based on the foregoing, Plaintiffs' Motion [83] is DENIED. The Court will not include Plaintiffs' proposed paragraphs 2(k), 2(l) and 3 in the proposed Confidentiality and Protective Order. However, Defendant's proposed paragraph 2(k) shall be adopted and incorporated into the Court's Confidentiality and Protective Order. The Confidentiality and Protective Order encompassing the Court's ruling follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 15, 2008

cc/ecf: All counsel of record.