# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. HARRIS, Co-Administratix of the Estate of RYAN D. MASETH, deceased, and DOUGLAS MASETH, Co-Administrator of the Estate of RYAN D. MASETH, deceased, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 08-563 ) Judge Nora Barry Fischer |
| KELLOGG, BROWN & ROOT SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## **MEMORANDUM ORDER**

I.   BACKGROUND

This matter is before the Court on Defendant Kellogg, Brown & Root Services, Inc.'s ("KBR") Motion for Certification and Amendment of Order Pursuant to 28 U.S.C. § 1292(b) filed on April 21, 2009. (Docket No. 161). In said motion, KBR seeks leave to file an interlocutory appeal of this Court's Memorandum Opinion and Order issued on March 31, 2009, which denied KBR's motion to dismiss, without prejudice. (Docket No. 162). Plaintiffs Cheryl A. Harris and Douglas Maseth, Co-Administratrix and Co-Administrator of the Estate of Staff Sergeant Ryan D. Maseth ("Plaintiffs") filed a response on April 23, 2009, arguing that certification pursuant to section 1292(b) is not warranted. (Docket No. 163). Upon consideration of the parties' arguments, and based on the following, KBR's motion [161] is DENIED.

1

II.   DISCUSSION

28 U.S.C. § 1292, entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292(b) grants the Court of Appeals jurisdiction to review the District Court's interlocutory order. "Certification pursuant to § 1292(b) should be granted 'sparingly' and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion." *J.L. v. Ambridge Area School District*, Civ. A. No. 06-1652, 2008 WL 906534, at *2 (W.D.Pa. Apr. 1, 2008)(citing *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.*, 867 F.Supp. 319, 321 (E.D. Pa. 1994)). The party seeking the interlocutory appeal has the burden to establish that all three conditions are met. *In re Norvergence, Inc.*, Civ. A. No. 08-1910, 2008 WL 5136706, at *2 (D.N.J. Dec. 5, 2008). However, this Court has discretion to deny an interlocutory appeal even if that party meets its burden. *See Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976)("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present."). The Court now turns to each of the stated factors.

   A.   *Controlling Question of Law*

"An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct

of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litigation*, 2009 WL 931530, at *2 (M.D.Pa. Apr. 8, 2009)(quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir.1974)). KBR argues that the "controlling question of law at issue is whether the political question doctrine and/or the combatant activities exception to the Federal Tort Claims Act, 28 U.S.C. 2680(j) apply to Plaintiffs' claims and/or KBRSI's defenses under the facts as accepted by the Court for purposes of considering KBRSI's Motion to Dismiss." (Docket No. 162 at 1-2). KBR further contends that an appeal is warranted because had the Court reached a contrary conclusion, Plaintiffs' claims would have been dismissed and this litigation would have been terminated. (*Id.* at 3). In response, Plaintiffs maintain that an interlocutory appeal should not be permitted as KBR has failed to identify a reviewable controlling issue of law and that KBR merely disagrees with the Court's analysis and/or application of the law to the facts of this case. (Docket No. 163).

While the Court agrees with KBR that an incorrect disposition of its motion to dismiss could potentially be reversed on appeal, as could any ruling made by this Court, KBR ignores that its motion to dismiss was denied, without prejudice, and this Court explicitly held that "[i]f further factual development illuminates the presence of political questions in this action, KBR may renew its motion at that time." *Harris v. Kellogg, Brown & Root Services, Inc.*, Civ. A. No. 08-563, 2009 WL 904695, at *27 (W.D.Pa. Mar. 31, 2009). In addition, KBR asserts generally that the application of the political question doctrine and the combatant activities exception to the facts of this case warrant appellate review at this juncture, but it does not challenge the legal standard employed by the Court in conducting its analysis, *e.g.*, *Baker v. Carr*, 369 U.S. 186 (1962) and its progeny, or the line of cases discussing the "combatant activities" exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(j). Accordingly, in this Court's estimation, KBR has not identified a

3

controlling question of law warranting an interlocutory appeal.

B.      *Substantial Basis for Differing Opinion*

Even if the Court were to find that KBR has appropriately requested certification of a controlling question of law, it has failed to demonstrate that there is a substantial basis for differing opinion as to either the political question doctrine or the "combatant activities" exception to the FTCA within the Third Circuit. "A substantial ground for difference of opinion may be demonstrated by offering conflicting and contradictory opinions of courts which have ruled on the issue," *J.L.*, 2008 WL 906534, at *2, or by "the absence of controlling law on a particular issue," *Knipe v. SmithKline Beecham*, 583 F.Supp.2d 553, 600 (E.D.Pa. 2008). For certification to be warranted, "[a] genuine doubt must exist about the legal standard governing a particular case." *In re Chocolate Confectionary Antitrust Litigation*, --- F.Supp.2d ---, Civ. A. No. 1:08-MDL-1935, 2009 WL 931530, at *3 (M.D.Pa. Apr. 8, 2009)(citing *Knipe*, 583 F.Supp.2d at 600).

KBR cites three decisions which have dismissed tort claims against private military contractors in support of its contention that there is a substantial ground for difference of opinion regarding its political question doctrine defense, *Carmichael v. Kellogg Brown & Root Services, Inc.*, 564 F. Supp. 2d 1363 (N.D. Ga. 2008), *appeal pending*, *Smith v. Halliburton Co.*, No. H-06-0462, 2006 WL 2521326 (S.D. Tex. Aug 30, 2006), and *Whitaker v. Kellogg Brown & Root, Inc.*, 444 F. Supp. 2d 1277 (M.D. Ga. 2006). These district court decisions from outside of the Third Circuit are not binding and, as discussed in the Memorandum Opinion, are factually distinguishable from the instant matter. *Harris*, 2009 WL 904695, at *20. While this Court recognized that the "United States Court of Appeals for the Third Circuit has not addressed the application of the political question doctrine to claims against a private military contractor providing services to the military

during wartime," *id.* at *15, the applicable legal standard for the political question doctrine is well-settled within the Third Circuit, where courts apply the six factors set forth by the Supreme Court in *Baker* to determine if a case or controversy is non-justiciable. *See Gross v. German Foundation Indus. Initiative*, 456 F.3d 363, 377 (3d Cir.2006)(applying *Baker* factors); *Khouzam v. Attorney General of United States*, 549 F.3d 235, 250 (3d Cir. 2008)(same). This Court applied the *Baker* factors in its analysis of Plaintiffs' claims and KBR's argument that its LOGCAP III contract and accompanying Task Order 139 were a viable defense to potential liability. *Harris*, 2009 WL 904695, at *15-27. Therefore, KBR has not established that a substantial difference of opinion exists regarding the application of the political question doctrine as there is no genuine doubt as to the applicable legal standard, and this Court "should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." *In re Chocolate Confectionary Antitrust Litigation*, 2009 WL 931530, at *3 (citing *Elec. Mobility Corp. v. Bourns Sensors/Controls*, 87 F.Supp.2d 394, 398 (D.N.J.2000)).

With respect to the "combatant activities" exception to the Federal Tort Claims Act, KBR also argues that a substantial basis for differing opinion exists because there is a lack of precedent within the Third Circuit regarding the same. (Docket No. 162 at 5 (citing *Koohi v. United States*, 976 F.2d 1328 (9th Cir. 1992), *Bentzlin v. Hughes Aircraft*, 833 F. Supp. 1486 (C.D. Cal. 1993); *Ibrahim v. Titan Corp.*, Nos. 04-1248, 05-1165, 2007 WL 3274784 (D.D.C. Nov. 6, 2007)). This Court has recognized that the "combatant activities" exception is limited and aside from the cases cited by KBR, is aware of only one other decision that has applied the doctrine to bar tort claims against a private military contractor, *Flanigan v. Westwind Technologies,* Civ. A. No. 07-1124, 2008 U.S.Dist.LEXIS 82203 (W.D.Tenn. Sept. 15, 2008). In its Memorandum Opinion, this Court

discussed all of these decisions, factually distinguished each of them from the instant matter, and found that Plaintiffs' claims did not arise out of the combatant activities of the military. *Harris*, 2009 WL 904695, at *28-30. The Court is not aware of any decisions addressing this issue within the Third Circuit. However, given the limited nature of the "combatant activities" exception and the fact that there are no conflicting decisions from district courts within this Circuit which would establish a need for our Court of Appeals to resolve the same immediately, an interlocutory appeal is not warranted as a *substantial* basis for differing opinion is not present.

Accordingly, the Court finds that KBR has failed to demonstrate that a substantial basis for differing opinion exists regarding the application of the political question doctrine or the "combatant activities" exception to the FTCA. This result is further supported by the fact that KBR's motion was denied, without prejudice to its ability to reassert these arguments in a later motion.

      C.     *Materially Advances the Litigation*

In determining whether certification would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292, this Court "must evaluate whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense" *In re Chocolate Confectionary Antitrust Litigation*, 2009 WL 931530, at *4 (citing *Knipe*, 583 F.Supp.2d at 599; *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 387 (M.D.Pa. 2007)). KBR contends that if the Court of Appeals would reverse this Court's decision, this case would be closed and, thus, an interlocutory appeal would materially advance the termination of this litigation. The Court disagrees because, as discussed below, due to the bifurcation of discovery in this matter, an interlocutory appeal would not materially advance this litigation but would unduly prolong and complicate discovery and pretrial matters including

6

disposition of summary judgment motions. In addition, based on discussions with counsel, it appears that both parties would seek to appeal any decision by the Court of Appeals to the Supreme Court of the United States.

      D.    *Discretion of the Court*

Finally, this Court has broad discretion to deny a request for an interlocutory appeal and the following factors relevant to this case would cause this Court to decline to permit the interlocutory appeal even if KBR had met its burden in establishing that an appeal was warranted. *See Bachowski*, 545 F.2d at 368.

First, Staff Sergeant Maseth died on January 2, 2008 and only limited discovery relevant to KBR's motion to dismiss has been permitted to this point, nearly a year and a half later. *See Harris*, 2009 WL 904695, at *13. At the outset of this case, KBR took the position that despite its submission of voluminous evidence in support of its motion to dismiss that no discovery was necessary prior to the Court's resolution of its motion. (*See* Docket No. 56). Alternatively, KBR requested that the Court permit only limited discovery related to the issues raised in its motion. (*Id.*). The Court acquiesced to KBR's request, finding that the justiciability issue raised by KBR should be resolved prior to any further discovery being conducted. *See Harris*, 2009 WL 904695, at *13. Now that KBR's motion to dismiss has been denied, Plaintiffs should have the opportunity to conduct discovery relevant to their claims on liability without the further delay which would be caused by any appeal. To that end, it is axiomatic that over time witnesses' memories may fade, they may become unavailable and/or physical evidence may be lost, destroyed or misplaced.

Second, due to the nature of this case and based on representations by counsel to the Court, many prospective witnesses are literally located around the globe and are potentially serving in the

military or working for private military contractors in war zones where they may be at risk of serious injury or death. Again, any further delay in permitting discovery of these individuals could prevent both parties from discovering information relevant to their claims and/or defenses. Third, to the extent that KBR, a multi-billion dollar international corporation, argues that an appeal is warranted based on financial concerns due to the potential avoidance of "costly discovery in this litigation," (*see* Docket No. 162 at 6), the Court is certainly mindful of the costs of litigation. However, in light of the fact that the individual Plaintiffs have not raised any such concerns, the Court is not persuaded. Finally, as discussed above, KBR's motion was denied, without prejudice, and its counsel has already represented to the Court that it intends to re-file its motion and/or a summary judgment motion based on the political question doctrine and/or the combatant activities exception, once all discovery is complete.[1]

---

[1]
The Court feels that proceeding in this fashion will best promote a just and speedy resolution to this litigation. *See* FED.R.CIV.P. 1. To that end, a status conference was held on April 17, 2009 and a Case Management Order setting forth discovery deadlines was entered on April 21, 2009. (Docket No. 160). Pursuant to that Order, the period for all discovery is set to close on February 28, 2010 and if the current schedule is kept, an order scheduling the deadlines for the filing of summary judgment motions will be issued shortly thereafter.

With the Case Management Order in place, the parties can proceed through the remaining discovery in this case. To that end, Plaintiffs' counsel represented that the Plaintiffs are available to provide their deposition testimony at any time. The Court was also advised by counsel that the military has been cooperative in making its personnel available for depositions. Finally, the parties may elect to once again participate in this Court's Alternative Dispute Resolution program in an effort to resolve this case. *See* United States District Court for the Western District of Pennsylvania, ADR Policies & Procedures, *available at: http://coldfusion.pawd.uscourts.gov/adr/Documents/adrpolicesprocedures.pdf.*

III.     CONCLUSION

Based on the foregoing, it is hereby ORDERED that KBR's Motion for Certification and Amendment of Order Pursuant to 28 U.S.C. § 1292(b) [161] is DENIED.

<u>*s/ Nora Barry Fischer*</u>
Nora Barry Fischer
United States District Judge

Dated: April 30, 2009

cc/ecf: All counsel of record.