# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. HARRIS, Co-Administratrix of the Estate of RYAN D. MASETH, deceased, and DOUGLAS MASETH, Co-Administrator of the Estate of RYAN D. MASETH, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> KELLOGG, BROWN & ROOT SERVICES, INC., <br><br> Defendant. | Civil Action No. 08-563 <br> Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court is Defendant Kellogg, Brown and Root Services, Inc.'s ("KBR") Motion for Entry of Case Management Order. (Docket No. 186). In its motion, KBR seeks to again limit discovery to its defenses (i.e., the political question doctrine and the combatant activities exception to the Federal Tort Claims Act ("FTCA")) and, particularly, to limit discovery to the facts set forth in a number of government agency reports[1] that it has

---

[1] KBR has submitted the following government agency reports:

> (1) Inspector General, United States Department of Defense, Review of Electrocution Deaths in Iraq: Part I - Electrocution of Staff Sergeant Ryan D. Maseth, U.S. Army, Report No. IE-2009-006 (July 24, 2009), *available at*: www.dodig.mil/Inspections/IE/Reports/Electrocution%20report%20Part%20I% 20%20Final%20(7-24-09)_full.pdf (Docket No. 186-1);
> (2) Final Army Regulation 15-6 Investigation Report (Docket No. 186-2);
> (3) United States Department of Defense, Army Completes Staff Sergeant Maseth Death Investigation, No. 589-09 (Aug. 7, 2009), *available at*: https://ecf.pawd.circ3.dcn/doc1/15712436054 (Docket No. 186-3);
> (4) Lt. Brent Carey, LOGCAP Support Officer, "Substandard Electric Wiring

1

submitted. (*Id.*). KBR proposes that the parties jointly stipulate to a set of facts from the reports and requests that it be permitted to renew its motion to dismiss prior to proceeding to full merits discovery. (*Id.*). Plaintiffs have rejected this proposal and argue that full merits discovery should be ordered. (Docket No. 188). The parties have been fully heard on this issue and all briefing has concluded. (Docket Nos. 186, 187, 188, 193, 194). Upon consideration of the parties' arguments, and for the following reasons, KBR's motion [186] is DENIED.

By way of background, after permitting the parties to engage in approximately six months of limited discovery, this Court denied KBR's motion to dismiss, which relied on the political question doctrine and combatant activities exception to the FTCA on March 31, 2009. *See Harris v. Kellogg, Brown & Root Services, Inc.*, 618 F.Supp.2d 400, 415-16 (W.D. Pa. Mar. 31, 2009). Said motion was denied, without prejudice, permitting KBR to renew its defenses in a later motion. *Id.* Subsequently, a case management conference was held and a case management order was issued, setting forth discovery deadlines. (Docket Nos. 159, 160). KBR then sought leave from this Court to file an interlocutory appeal, which was denied. *Harris v. Kellogg, Brown & Root Services, Inc.*, Civ. A. No. 08-563, 2009 WL 1248060, at *4 (W.D.Pa. Apr. 30, 2009). When this approach failed, KBR filed a notice of appeal, and this Court stayed the case (and discovery) over objection of the Plaintiffs pending disposition of the appeal. (Docket Nos. 166, 176). Recently, the United States Court of Appeals for the Third Circuit dismissed KBR's appeal for lack of appellate jurisdiction and remanded the case for further proceedings in this Court. *See Harris v. Kellogg Brown & Root Services, Inc.*, 618 F.3d 398 (3d Cir. 2010). While

---

Conditions: Only You Can Prevent Fires" (Docket No. 193-1); and
(5) Agent's Investigation Report (July 24, 2009) (Docket No. 193-2).

not specifically ruling on the scope of discovery permitted at this juncture, the Court of Appeals did not question this Court's authority to order the parties to conduct full merits discovery. *Id*.

Given the remand by the Court of Appeals, and the other considerations detailed below, full merits discovery regarding liability is warranted at this time. KBR removed this case from the Court of Common Pleas of Allegheny County relying, in part, on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). (Docket No. 1 at ¶ 1). Plaintiffs did not challenge the removal nor the assertions that the parties are completely diverse and that the amount in controversy exceeds the statutory threshold of $75,000.00. Thus, it is uncontested that subject matter jurisdiction based on diversity of the parties is properly invoked. (*Id*.). As in its motion to dismiss, KBR claims in its Answer that "this Court lacks subject matter jurisdiction *because the matter is non-justiciable*." (Docket No. 157, *Affirmative Defenses* at ¶ 2 (emphasis added)). This Court rejected KBR's justiciability argument, i.e., its political question defense, at the motion to dismiss stage but granted leave to KBR to renew its motion if "further factual development illuminates the presence of political questions in this action." *Harris*, 618 F.Supp.2d at 432. Our Court of Appeals dismissed KBR's appeal and did not disturb this ruling. *See Harris,* 618 F.3d at 398-404. Accordingly, this Court's exercise of diversity jurisdiction under section 1332(a)(1) is proper unless and until KBR demonstrates that political questions render this case non-justiciable. *See, e.g., Johnsrud v. Carter*, 620 F.2d 29 (3d Cir. 1980) ("the possible existence of a political question does not inevitably deprive the court of subject matter jurisdiction"); *Gross v. German Foundation Indus. Initiative*, 456 F.3d 363, 376 (3d Cir. 2006) (noting that the district court had diversity jurisdiction under 28 U.S.C. § 1332(a)(2) and that "[q]uestions of justiciability are distinct from questions of jurisdiction, and a court with jurisdiction over a claim

3

should nonetheless decline to adjudicate it if it is not justiciable.").

It is unclear whether Rule 12(b)(1) or Rule 56 of the Federal Rules of Civil Procedure will be invoked by KBR in any renewed motion relying on the political questions doctrine and which legal standard is properly applied under prevailing jurisprudence. The Court need not reach this issue today, but will permit the parties to brief and argue the applicable legal standard at the appropriate time, i.e., after the completion of discovery. Given the flexibility of the Federal Rules of Civil Procedure and the discretion afforded to this Court on matters related to discovery, it is this Court's holding that full merits discovery may be ordered now regardless of which legal standard is later applied. The Court's analysis follows.

This Court is tasked with evaluating subject matter jurisdiction throughout the course of this litigation and "must dismiss the action" if it is determined that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3). However, the Federal Rules do not require that a challenge to subject matter jurisdiction be immediately addressed by the Court, as KBR suggests. *Stadler v. McCulloch*, 882 F.Supp. 1524, 1528 (E.D.Pa. 1995). Rather, Rule 12(i) provides that a motion brought under Rule 12(b)(1) must be heard by the Court "before trial," and also grants the Court discretion to order that a decision on the jurisdictional issue be deferred "until trial." FED. R. CIV. P. 12(i); *see also In re School Asbestos Litigation*, 921 F.2d 1310 (3d Cir. 1990), *cert. denied*, 499 U.S. 976 (1991) (holding that under the former version of Rule 12(i), Rule 12(d), "a judge who is deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may postpone the decision until trial.").

The United States Court of Appeals for the Third Circuit has likewise instructed that the evaluation of jurisdictional defenses can occur "at any stage of the proceedings." *See Mortensen*

*v. First Federal Savings and Loan Assoc.*, 549 F.2d 884, 891-92 (3d Cir. 1977) (a "12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."). Deferring a decision on jurisdiction is particularly appropriate when the facts underlying the jurisdictional defenses are "intertwined with the merits" of or involve "overlapping issues of proof" with the asserted causes of action. *C.NA. v. United States*, 535 F.3d 132, 143 (3d Cir. 2008). Moreover, the mode of the ultimate determination regarding jurisdiction is flexible and left to the discretion of the trial court. *See International Assoc. of Machinists & Aerospace Workers v. Northwest Airlines, Inc.*, 673 F.2d 700, 711, n.16 (3d Cir. 1982). To this end, a leading treatise suggests that "[i]f ... a decision of the jurisdictional issue requires a ruling on the underlying substantive merits of the case, the decision should await a determination of the merits either by the district court on a summary judgment motion or by the fact finder at trial." 5B FED. PRAC. & PROC. CIV. 1350 (3d ed. 2010); *see also SEPTA v. Penn. Public Utility Com'n,* 802 F.Supp. 1273, 1281, n. 13 (E.D.Pa. 1992) ("Where a jurisdictional determination requires resolution of genuinely disputed facts intertwined with the merits of the case, that decision typically should await a determination of the relevant facts by the court on summary judgment or by the fact-finder at trial.").

  Rule 12 motions practice is generally initiated by a defendant in response to a plaintiff's complaint at the outset of the case. FED. R. CIV. P. 12(f). If the motion challenges subject matter jurisdiction under Rule 12(b)(1), the Court is authorized to order discovery and accept evidence in resolving the motion, as it did initially in this case. *See Harris*, 618 F.Supp.2d at 417 (citing *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)). After such motions are resolved, a case management order is issued and the case proceeds to discovery.

Motions for summary judgment are generally filed after the completion of discovery and Rule 56 permits such motions to be filed "until 30 days after the close of discovery." FED. R. CIV. P. 56; *see also* W.D.PA.L.R. 16.1(B)(3) (requiring the court to issue a briefing schedule for dispositive motions after discovery is completed). This Court typically does not permit motions for summary judgment to be filed until after discovery is completed. (*See* Docket No. 160 at ¶ 9 ("The Court will establish a schedule for the filing of summary judgment motions upon the completion of all discovery in this case.")). The reason for this practice is simple, summary judgment cannot be entered against a party if the record is not fully developed. This principle is supported by caselaw and the Federal Rules. For example, a district court is permitted to enter summary judgment against a party *sua sponte*, but may not do so unless, among other things, notice is given to the party that summary judgment is entered against that it must come forth with all its evidence and the record has been fully developed as to that claim or defense. *Anderson v. Wachovia Mortg. Corp.*, --- F.3d ----, 2010 WL 3528903, at *15 (3d Cir. 2010). Likewise, the Court may order further discovery if a party defending a motion for summary judgment sufficiently avers to the Court that discovery is necessary to properly defend the motion. *See* FED. R. CIV. P. 56(f).

In sum, the pertinent Federal Rules and caselaw construing same permit this Court to order the parties to conduct discovery prior to revisiting KBR's defenses.

Turning to KBR's remaining arguments, the impact of its defenses remains undecided because the Court of Appeals for the Third Circuit dismissed KBR's appeal and did not discuss the nature and scope of these defenses. The Court notes that the Courts of Appeals that have addressed these defenses have reached differing conclusions, albeit in cases involving factual

circumstances distinct from those here.  *Compare, Carmichael v. Kellogg Brown & Root Servs., Inc.*, 572 F.3d 1271 (11th Cir. 2009) (affirming district court decision that political question doctrine applied to bar claims against government contractor), *and Saleh v. Titan Corp.*, 580 F.3d 1 (D.C. Cir. 2009) (holding that combatant activities exception barred claims against government contractor), *with McMahon v. Presidential Airways*, 502 F.3d 1331 (11th Cir. 2007) (affirming district court's denial of motion to dismiss claims against government contractor based on political question doctrine), *and Lane v. Halliburton*, 529 F.3d 548, 555 (5th Cir. 2008) (reversing district court's decision to dismiss claims against government contractor based on political question doctrine).  The district courts are likewise split.  *Compare, Taylor v. Kellogg Brown & Root Services, Inc.*, Civil No. 2:09-cv-341, 2010 WL 1707530 (E.D.Va. Apr. 19, 2010)(granting motion to dismiss based on political question doctrine and combatant activities exception), *with In re KBR, Inc., Burn Pit Litigation*, --- F.Supp.2d ----, 2010 WL 3543460 (D.Md. Sept. 8, 2010) (denying motion to dismiss relying on these defenses), *and Bixby v. KBR, Inc.*, --- F.Supp.2d ----, 2010 WL 3418340 (D.Or. Aug 30, 2010) (same); *see also Harris*, 618 F.Supp.2d at 420-22 (listing other district court decisions that differ on the defenses).

KBR has yet to request that the Court consider the government agency reports themselves, but the Court questions whether such reports can even be considered absent some agreement or stipulation by the parties.  To this end, it appears that the government agency records may be inadmissible in a civil proceeding.  *See e.g.,* FED.R.EVID. 803(8) ("Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth ... (C) in civil actions and proceedings ... factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances

7

indicate lack of trustworthiness."); *Coleman v. Home Depot, Inc.*, 306 F.3d 1333, n.4 (3d Cir. 2002) (setting forth factors to consider to determine if agency reports are admissible under Rule 803(8)); *Pearce v. E.F. Hutton Group, Inc.*, 653 F.Supp. 810, 814 (D.D.C. 1987) (holding that Congressional reports were inadmissible given the political nature of proceedings); *Hallett v. United States*, 877 F.Supp. 1423, 1428 (D.Nev. 1995) (holding that a Department of Defense report was inadmissible); *Coughlin v. Tailhook Ass'n, Inc.*, No. CV-S-93-044-PMP (RJJ),1994 WL 780904 (D.Nev. Sept. 2, 1994) (same); *Ferguson v. Bombardier Services Corp.*, 244 Fed.Appx. 944, 950 (11th Cir. 2007) (district court did not abuse its discretion in excluding an Army Safety Center Report). Thus far, Plaintiffs have been unwilling to enter into any such stipulations. (Docket No. 188). They claim that they were not able to participate in the underlying government investigations. (Docket No. 188 at 6, n. 3). Instead, they allege that KBR had some role in the investigations and some access to the information relied on in the government agency reports which they did not have. (*Id.*). Therefore, this Court believes that full merits discovery on liability rather than reliance on the described government reports is necessary.

Despite the lack of agreement regarding the government agency reports, the Court is also cognizant of the potential costs of discovery in this litigation. The parties are reminded that the discovery which has been accomplished is not to be duplicated and they are strongly encouraged to work together in order to facilitate discovery going forward. As counsel were previously advised, the Court requires that they meet and confer regarding all discovery disputes prior to bringing them to the Court via motions practice. *See Practices & Procedures of Judge Nora Barry Fischer*, § II.N. *available at*: http://www.pawd.uscourts.gov/Documents/Judge/

fischer_pp.pdf (effective 3/23/10).  Further, the parties should tailor their discovery efforts to determine the major disputed issue in this litigation, i.e., the factual cause of Staff Sergeant Maseth's death.  Under Pennsylvania law,

> Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.
>
> To be a factual cause, the defendant's conduct need not be the only factual cause. The fact that some other causes concur with the negligence of the defendant in producing an injury does not relieve the defendant from liability as long as [his or her] own negligence is a factual cause of the injury.

PA. SSJI (CIV), § 3.15 (2008); *see also Gorman v. Costello*, 929 A.2d 1208 (Pa. Super. Ct. 2007).

Further,

> There may be more than one factual cause of the harm suffered by the plaintiff. When negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of these persons is fully responsible for the harm suffered by the plaintiff regardless of the relative extent to which each contributed to the harm. A cause is concurrent if it was operative at the moment of the incident, and acted with another cause as a factual cause in bringing about the harm.

PA. SSJI (CIV), § 3.16 (2008).

These and other disputed liability issues should be discovered forthwith.  Thereafter, KBR can renew its defenses and Plaintiffs can respond, by way of motions practice or on a case stated,[2] if the parties can ultimately agree on facts to put before the Court.  The Court feels that

---

[2] A "case stated" is "[a] formal written statement of the facts in a case, submitted to the court jointly by the parties so that a decision may be rendered without trial." BLACK'S LAW

proceeding in this fashion will best promote a just and speedy resolution to this litigation. *See* FED. R. CIV. P. 1.

Based on the foregoing, it is hereby ORDERED that KBR's motion [186] is DENIED. It is further ORDERED that counsel shall meet and confer to develop a discovery plan and that the parties shall file an amended Rule 26(f) Report by **November 16, 2010**. Finally, it is ORDERED that a second case management conference shall be held on **November 23, 2010 at 10:00 a.m.**, at which time a case management order will issue.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date:   November 5, 2010

cc/ecf:  All counsel of record

---

DICTIONARY (9th ed 2009).