# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERYL A. HARRIS, Co-Administratrix )
of the Estate of RYAN D. MASETH, )
deceased, and DOUGLAS MASETH, )
Co-Administrator of the Estate of RYAN )
D. MASETH, deceased, )
           )
          Plaintiffs, )
           )
          v. )    Civil Action No. 08-563
           )    Judge Nora Barry Fischer
KELLOGG, BROWN & ROOT )
SERVICES, INC., )
           )
          Defendant. )

## MEMORANDUM OPINION

I.     INTRODUCTION

This is a wrongful death and survival action brought by Plaintiffs Cheryl Harris and

Douglas Maseth ("Plaintiffs") against government contractor Kellogg, Brown & Root Services,

Inc. ("KBR"), arising from the death of Plaintiffs' son, Staff Sergeant Ryan Maseth, ("SSG

Maseth"), who was killed in 2008 while showering at a military base in Iraq where KBR had

operations and maintenance responsibilities under government contracts. (Docket No. 209). The

matter was remanded by the Court of Appeals with specific instructions for this Court to resolve

a contested choice of law issue before proceeding to adjudicate dispositive motions, including

the applicability of KBR's political question defense. *See Harris v. Kellogg Brown & Root

Services, Inc.*, 724 F.3d 458, 482 (3d Cir. 2013). After extensive briefing and argument, this

Court entered a Memorandum Opinion and Order on December 16, 2015 denying KBR's motion

requesting that the Court apply Texas law to the liability and apportionment issues in this case

and holding that Pennsylvania law controlled those issues. *See Harris v. Kellogg, Brown & Root*

*Services, Inc.*, ---- F. Supp. 3d. ------, 2015 WL 8990812 (W.D. Pa. Dec. 16, 2015); (*see also* Docket Nos. 342, 343).

This case returns to the Court once again by way of KBR's motion seeking leave to file an interlocutory appeal to the United States Court of Appeals for the Third Circuit challenging the Court's choice of law decision. (Docket Nos. 352, 353, 370). Plaintiffs oppose KBR's motion. (Docket Nos. 361, 378). The matter has been fully briefed and oral argument was held on February 24, 2016, the official transcript of which was filed on April 6, 2016. (Docket Nos. 379, 383). The parties declined the Court's invitation to submit post-hearing supplemental briefing. (Docket No. 379). After careful consideration of all of the parties' arguments, and for the following reasons, KBR's Motion [352] is DENIED.

II.    LEGAL STANDARD

As the parties are well familiar with the facts and procedural history of this case, the Court turns initially to the prevailing legal standard under 28 U.S.C. § 1292(b). *See Harris v. Kellogg, Brown & Root Services, Inc.*, 2009 WL 1248060, at *1 (W.D. Pa. Apr. 30, 2009). Section 1292(b), entitled "Interlocutory decisions," provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Section 1292(b) grants the Court of Appeals jurisdiction to review the District Court's interlocutory order. "Certification pursuant to § 1292(b) should be granted 'sparingly' and only when three conditions are met: (1) where immediate appeal may avoid protracted and expensive litigation, (2) the request involves a controlling question of law, and (3) where there is a substantial basis for differing opinion." *J.L. v. Ambridge Area School District,*

Civ. A. No. 06–1652, 2008 WL 906534, at *2 (W.D. Pa. Apr.1, 2008) (citing *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431, 433 (3d Cir. 1958); *Orson, Inc., v. Miramax Corp.,* 867 F.Supp. 319, 321 (E.D. Pa. 1994)). The party seeking the interlocutory appeal has the burden to establish that all three conditions are met. *In re Norvergence, Inc.,* Civ. A. No. 08–1910, 2008 WL 5136706, at *2 (D. N.J. Dec. 5, 2008). However, this Court has discretion to deny an interlocutory appeal even if that party meets its burden. *See Bachowski v. Usery,* 545 F.2d 363, 368 (3d Cir. 1976) ("The certification procedure is not mandatory; indeed, permission to appeal is wholly within the discretion of the courts, even if the criteria are present.").

III.   DISCUSSION

Naturally, the parties contest the application of this legal test to the Court's December 16, 2015 Order with KBR arguing that the interlocutory appeal should go forward and Plaintiffs countering that certification should be denied.  (*See* Docket Nos. 352, 353, 361, 370, 378, 383). Before reviewing the necessary factors outlined above, the Court must address a threshold issue concerning the propriety of the scope of KBR's proposed certification order.

*A.  Scope of KBR's Proposed Certification Order*

To this end, this Court's December 16, 2015 Order stated as follows:

> AND NOW, this 16th day of December, 2015, in accordance with the foregoing Memorandum Opinion,
>
> IT IS HEREBY ORDERED that KBR's Motion for Application of the Texas Proportional Liability Scheme [319] is denied.
>
> IT IS FURTHER ORDERED that the Pennsylvania laws of joint and several liability that were in effect as of January 2, 2008 and do not permit the assessment of fault to non-parties by the jury will be applied to the apportionment and liability issues in this case.

(Docket No. 343). KBR's instant motion for interlocutory appeal does not seek to only amend the December 16, 2015 Order to include the necessary language identified in § 1292(b), i.e., the Order involves "a controlling question of law as to which there is substantial ground for difference in opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). [1] Rather, KBR's proposed Order requests that this Court certify the following question of law to the Court of Appeals for immediate review:

> Whether choice-of-law principles dictate that Texas has the greatest interest in regulating the conduct of its citizens and thus has the greatest interest in applying its law to the apportionment of liability issues in this case, such that Plaintiffs' claims are barred by the political question doctrine.

(Docket No. 352-1). It is this Court's opinion that KBR's pursuit of an interlocutory appeal in this manner must be denied as procedurally improper for several reasons.

First, the Court of Appeals lacks jurisdiction to adjudicate an interlocutory appeal to address legal issues that were not definitively decided in the challenged order of the District Court. *See e.g., Okolinsky v. Philadelphia, B. & N. E. R. Co.*, 282 F.2d 70, 71 (3d Cir. 1960) ("we were without power to enter our order allowing the interlocutory appeal for we had no jurisdiction in the absence of an order by the court below."); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 764 (3d Cir. 1974) ("We cannot exercise appellate jurisdiction over an issue not yet decided in the district court."); *Link v. Mercedes–Benz of N. Am., Inc.*, 550 F.2d 860, 862 (3d Cir.1977) ("[i]n the absence of a definitive order ... by the district court, the inquiry is essentially

---

[1] The Court notes that KBR's previous motion filed in this case seeking an interlocutory appeal sought this type of order. (*See* Docket No. 161-1 ("AND NOW, this _____ day of _____, 2009, it is hereby ORDERED that the Defendant's Motion For Certification and Amendment of Order Pursuant to 28 U.S.C. § 1292(b) is GRANTED and this Court's March 31, 2009 Memorandum Opinion and related Order [ … ] is hereby certified and amended, pursuant to 28 U.S.C. § 1292(b), to state that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.")).

a request for an advisory opinion, which we may not honor."). "Although section 1292(b) provides that a [District Court] must certify that its order involves a controlling 'question of law,' [the Court of Appeals'] review is of orders and not of isolated legal questions." *Miller v. Bolger*, 802 F.2d 660, 666-67 (3d Cir. 1986) (citing *Link*, 550 F.2d at 863). Further,

> [s]ection 1292(b) is not intended to grant the appellate courts power to give advice on speculative matters. While counsel and the district court might believe it helpful to have the appellate court's view on proposed alternate courses of action, [the appellate court's] jurisdiction extends only to orders of the district court. These orders must be definitive, effective, and in a posture capable of affirmance or reversal.

*Link*, 550 F.2d at 863; *Cf.* Wright, Miller, et al., *Federal Practice and Procedure*, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("If there is a district-court order and interlocutory appeal is allowed, the scope of the appeal does not extend to issues not yet decided by the district court.").

In its proposed order, KBR frames the issue for the Court of Appeals as if this Court entered a definitive ruling on the applicability of the political question doctrine defense in its December 16, 2015 Memorandum Opinion and Order. (Docket No. 352-1). Despite KBR's advocacy to the contrary, this Court simply did not enter any dispositive ruling denying KBR's political question doctrine defense at that time as that issue was not directly before the Court. Rather, this Court addressed:

> [a] conflict of law issue concerning whether the claims and defenses raised by the parties are governed by one of the proportional liability systems utilized by Texas or Tennessee which permit the jury to assign fault to immune non-parties, or Pennsylvania's joint and several liability system which permits the jury to only assign fault between the parties to the case.

*Harris*, 2015 WL 8990812, at *1. More specifically, this Court denied KBR's motion seeking the application of Chapter 33 of the Texas proportional liability scheme to the negligence claim in this case and held that Pennsylvania law would apply. (*See e.g.,* Docket No. 319 at ¶ 6

("Wherefore, KBR respectfully requests that the Court apply the Texas liability scheme, which permits allocation of fault to immune non-parties."); Docket No. 336 at 10 ("At issue here is the 2003 amendment to Chapter 33 of the Texas proportional liability scheme in which Texas has permitted defendants like KBR to apportion liability to nonparties who are not subject to joinder in the suit.")).  The limited nature of the Court's inquiry and the fact that the sufficiency of the political question defense was not being decided at that juncture were acknowledged by KBR throughout its filings and were embodied in the Court's various orders.  (Docket No. 320 at 7 ("KBR recognizes that the Court must comply with the Third Circuit's direction to resolve choice of law as a prerequisite to resolving justiciability."); Docket No. 316 ("consistent with the Opinion of the Court of Appeals, the threshold choice of law issue must be resolved prior to the Court and the parties addressing [ … ] other matters [ … ] i.e., additional fact discovery on liability and/or damages; argument and further briefing of previously filed *Daubert* motions; additional dispositive motions and motions in limine; and alternative dispute resolution")).

From the Court's perspective, even if the Court had determined that Texas law controlled the liability and apportionment issues, it would not have definitively resolved the merits of KBR's political question defense. (*See* Docket No. 316).  Rather, it was clear that additional proceedings would have been required before reaching that decision.  (*Id.*).  As is the typical practice, the Court would have ordered that a dispositive motion be filed, set a briefing schedule, held argument, and issued an opinion resolving the matter.

The Court also disagrees with KBR's position that the December 16, 2015 Memorandum Opinion should be read as deciding the merits of the political question defense.  (*See* Docket Nos. 352, 353, 370).  Indeed, the Court noted a number of nuanced legal issues under Texas law that it declined to reach because the Court held that Pennsylvania law applies under the

traditional choice of law rules. *See Harris*, 2015 WL 8990812, at *16, n.18 (listing issues that the Court need not decide including: whether any attempt by KBR to designate the United States as a responsible third party under Texas law was untimely; and if the Texas statute was unconstitutional). A few of these disputes have been raised via the parties' arguments as to whether an interlocutory appeal would materially advance the termination of the litigation, as is discussed in further detail below. *See* § III.B.3, *infra*. But, it is clear to this Court that it would be inappropriate to certify the legal questions that KBR has proffered given the lack of any ruling by this Court on a dispositive motion that was never filed.

In short, an interlocutory appeal presenting the Court of Appeals with both the choice of law question and the issue of the applicability of the political question defense would be wholly speculative because there is no definitive order from this Court resolving the political question defense at this stage of the case.[2] *See Link*, 550 F.2d at 863. Certifying these questions would essentially request an advisory opinion from the appellate bench on a hypothetical and abstract legal issue on that defense. *See In re Cent. European Distribution Corp. Sec. Litig.*, No. CIV.A. 11-6247 JBS, 2012 WL 5511711, at *3 (D.N.J. Nov. 14, 2012) ("In other words, the Court cannot ask the Third Circuit to certify a question on which it did not issue a definitive order. The Court had no imperative to decide the question of an investment advisor's standing and, at this time, it cannot ask the Third Circuit to do so."). Accordingly, KBR's motion must be denied on this basis.

Second, KBR's motion is untimely insofar as it asks the Court to alter or amend its December 16, 2015 Order to add language indicating that the Court had also denied KBR's

---

[2]     The Court initially denied KBR's motion to dismiss raising the political question doctrine, without prejudice. *See Harris v. Kellogg, Brown & Root Services, Inc.*, 618 F. Supp. 2d 400 (W.D. Pa. Mar. 31, 2009). The Court later granted KBR's renewed motion, but that order was vacated by the Court of Appeals. *See Harris*, 724 F.3d at 482.

political question defense at this stage of the case. Aside from subsequent motions practice, it appears to the Court that the only other vehicle through which this type of Order could have been obtained would have been through a motion for reconsideration. But, as KBR admits, it did not seek reconsideration of the Court's Order. (Docket No. 383 at 3-4).[3] KBR is also well-aware that this Court has an established procedural rule requiring that motions for reconsideration must be filed within seven (7) days. (*See* Docket No. 237 at ¶ 2 (KBR seeking leave of court requesting an extension of time given that "[a]ny Motion for Reconsideration […] must be filed within 7 days" under the Practices and Procedures of Judge Fischer)). KBR's motion for an interlocutory appeal was not filed until <u>January 21, 2016</u>, well outside the seven day time period for pursing a motion for reconsideration, which expired as of December 23, 2015. Therefore, KBR's motion must also be denied to the extent that it is viewed as seeking reconsideration of the December 16, 2015 Memorandum Opinion and Order.

In light of these procedural defects, the Court will deny KBR's Motion. The Court's analysis could end here but, for completeness, the Court will continue to evaluate the factors under § 1292(b), some of which separately provide an independent basis to deny the requested relief.

### B. § 1292(b) Factors

With respect to the § 1292(b) factors, KBR contends that it has met each of the three necessary factors to demonstrate that an interlocutory appeal is appropriate: (1) the order involved a controlling question of law; (2) that presented a substantial ground for difference of

---

[3] The Court notes that the following exchange took place during the motion hearing.
> MR. MOSIER: ….What I think is important about this standard is that this is not a motion for reconsideration.
> THE COURT: You know, you could have brought one, and you didn't.
> MR. MOSIER: Right. You know, and I think, as we'll talk about -- I think the Court's decision, while we disagree with it, we recognize that it involves novel questions.

(Docket No. 383 at 3-4).

opinion; and (3) that a disposition of the interlocutory appeal at this time would materially advance the termination of this litigation. (*See* Docket Nos. 352, 353, 370). Plaintiffs respond that KBR has failed to satisfy each of these factors and continue that even if KBR had met its burden, the Court should exercise its discretion to deny the motion. (Docket Nos. 361, 378). At the hearing, KBR suggested that the Court should consider certifying its proposed order and retaining jurisdiction over the remainder of the case, presiding over discovery, and deciding summary judgment and *Daubert* motions that KBR intends to file after the close of discovery. (Docket No. 383). Plaintiffs oppose this proposal as well. (*Id.*). Having considered all of the relevant factors, the Court agrees with Plaintiffs' position that KBR has failed to meet its burden under § 1292(b). The Court now turns to its analysis of the factors under § 1292(b), starting with whether the order implicates a controlling question of law.

### 1. Controlling Question of Law

"An order involves a controlling question of law if either (1) an incorrect disposition would constitute reversible error if presented on final appeal or (2) the question is 'serious to the conduct of the litigation either practically or legally.'" *In re Chocolate Confectionary Antitrust Litigation,* 607 F. Supp. 2d 701, 705 (M.D. Pa. 2009) (quoting *Katz,* 496 F.2d at 755).

It does not appear that the parties truly dispute this factor. (*See* Docket Nos. 352, 353, 361, 370, 378, 383). However, as the Court has already explained above, the Court's December 16, 2015 Order and the legal issues that KBR seeks to appeal involve very different questions of law, one of which this Court has not reached at this juncture of the case. *See* § III.A., *supra.* With that said, the Court agrees that its Order denying KBR's motion seeking the application of Texas law may constitute reversible error if raised on a final appeal. *See Harris*, 2009 WL 1248060 at *1-2. Thus, this factor has been satisfied.

2.  <u>Substantial Ground for Difference of Opinion</u>

Moving on, "[a] substantial ground for difference of opinion may be demonstrated by offering conflicting and contradictory opinions of courts which have ruled on the issue," *J.L.,* 2008 WL 906534, at *2, or by "the absence of controlling law on a particular issue," *Knipe v. SmithKline Beecham,* 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008). For certification to be warranted, "[a] genuine doubt must exist about the legal standard governing a particular case." *In re Chocolate Confectionary Antitrust Litigation,* 607 F. Supp. 2d at 706 (citing *Knipe,* 583 F. Supp. 2d at 599). This Court "should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." *Id.* (citing *Elec. Mobility Corp. v. Bourns Sensors/Controls,* 87 F. Supp. 2d 394, 398 (D. N.J. 2000)).

With respect to this factor, KBR has lodged a number of criticisms of this Court's choice of law analysis arguing, among other things, that the Court: purportedly failed to consider all of the cases that KBR cited during the extensive briefing on the issues; allegedly double-counted the contacts of SSG Maseth and his parents as part of its analysis; incorrectly found that the location of KBR's Government and Infrastructure Division in Virginia diminished Texas' governmental interests in the activities of this case; and improperly considered the Court of Appeals' ruling on the political question doctrine during its choice of law analysis. (Docket Nos. 352, 353, 370). But, KBR did not timely seek reconsideration raising any of these particular points, making these rulings final. *See* § III.A., *supra*. Thus, the Court declines to revisit them here.

Further, KBR's arguments challenge the Court's application of the facts to the well-settled Pennsylvania choice of law rules, rather than raising any genuine doubt as to whether this Court applied the appropriate legal standard. *See e.g., Douglas v. Discover Property & Casualty*

*Ins. Co.*, 2015 WL 8179641, at *5-6 (M.D. Pa. Dec. 7, 2015) (showing that "the Court erred in applying well-established law" does not suffice to demonstrate substantial grounds for a difference of opinion). Indeed, KBR cited this Court's prior recitation of Pennsylvania choice of law rules as the prevailing standard in its opening brief, undermining its position on this issue. (*See* Docket No. 320 at 12-14 (citing *Harris v. Kellogg, Brown & Root Services, Inc.*, 796 F. Supp. 2d 642, 656-57 (W.D. Pa. 2011)).

More critically, however, is that KBR has not quarreled with the main aspects of Texas law that led to this Court's decision, i.e., Texas still permits joint and several liability against one defendant if that defendant is found more than 50% liable by the jury; and, Texas law only permits the apportionment of *compensatory damages* to non-parties. (*See* Docket Nos. 352, 353, 370). Without upsetting these legal principles, KBR's other arguments carry little weight because mere disagreements with the Court's application of well-settled Pennsylvania choice of law principles to the facts and circumstances of this case do not suffice to demonstrate a substantial ground for a difference of opinion. *See Harris*, 2009 WL 1248060 at *2 (quoting *In re Chocolate Confectionary Antitrust Litigation*, 607 F. Supp. 2d at 706) ("court should not certify questions of relatively clear law merely because the losing party disagrees with the court's analysis."). While the Court agrees that the choice of law inquiry presented novel legal questions within the context of its evaluation of standard Pennsylvania choice of law rules, as applied to the facts of this case, the same is not enough to show a *substantial* ground for difference of opinion on the matter. *See id.* Accordingly, the Court finds that KBR has not met its burden to prove this second factor under § 1292(b).

### 3. Materially Advances the Litigation

In determining whether certification would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292, this Court "must evaluate whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense." *In re Chocolate Confectionary Antitrust Litigation,* 607 F. Supp. 2d at 707 (citing *Knipe,* 583 F.Supp.2d at 599; *Patrick v. Dell Fin. Servs.,* 366 B.R. 378, 387 (M.D. Pa. 2007)).

As the Court alluded to above, the crux of the parties' disputes surround whether this litigation would terminate if KBR won its proposed interlocutory appeal. (Docket Nos. 352, 353, 361, 370, 378, 383). KBR contends that the litigation would end if the Court of Appeals disagreed with this Court and found that Texas law should apply to the liability and apportionment issues in the litigation, thus barring all of Plaintiffs' claims under the political question doctrine. (Docket Nos. 352, 353, 370). Plaintiffs counter that the Court of Appeals suggested that the matter could proceed to trial on any liability/damage theories that did not involve apportionment of fault to the United States such as for nominal and punitive damages. (Docket Nos. 361, 378). KBR responded to this line of reasoning at the hearing, with counsel explaining that the application of a host of other legal principles – none of which this Court has ever passed on definitively – would ultimately result in dismissal of Plaintiffs' claims for nominal and punitive damages if it was determined that Texas law controlled. (*See* Docket No. 383 at 11-13).

In this Court's estimation, the parties' disconnect on these issues arises in large part from the fact that the Court's ruling was limited to the choice of law decision which did not adjudicate the merits of a dispositive motion on the political question defense – again, because no such motion was before the Court at that time. *See* § III.A., *supra*. If the Court certified its December

16, 2015 Order by adding only the necessary language under § 1292(b), a ruling on the interlocutory appeal in KBR's favor that Texas law should be applied to the liability and apportionment issues would not materially advance the termination of this litigation. For the reasons already expressed by the Court, any ruling by the Court of Appeals would be limited to affirming or reversing this Court's choice of law decision, necessitating a remand to this Court for further proceedings on dispositive motions. At that time, the Court would issue a briefing schedule and permit the parties to argue their respective positions as to the scope of the claims that could proceed to trial, if any, and the type of relief that would be available to Plaintiffs.

All told, this Court simply cannot agree with KBR that Plaintiffs would necessarily be out of court if Texas law applied, and it would be improvident for this Court to make such a ruling now. It may be, as Plaintiffs suggest, that they would only be barred from seeking compensatory damages[4] at trial if the Court of Appeals reversed and held that Texas law controlled. (Docket Nos. 361, 378). But, if the case proceeds to a jury trial under Pennsylvania law, any award of compensatory damages could be overturned on an appeal of the final judgment, leaving the remainder of the judgment intact. *Cf. Carnegie Mellon Univ. v. Marvell Technology Group, Ltd.*, 807 F.3d 1283, 1300-02 (Fed. Cir. 2015) (reversing enhancement of damages for willfulness but affirming other aspects of judgment). Under these circumstances, an interlocutory appeal would not materially advance the litigation.

Next, the Court also alternatively finds that an interlocutory appeal would not materially advance the litigation due to the lengthy procedural history of this case and ensuing delays attributable to the prior appeals. *See Harris*, 2009 WL 1248060, at *3-4. The Court reaches this

---

[4]       The Court notes that in its Notice of Removal filed on April 22, 2008, KBR estimated that SSG Maseth's future lost earnings would be $601,040.00 based on his annual basic pay of $30,052.80 and the assumption that he would have worked an additional 20 years. (Docket No. 1 at ¶¶ 15-16). KBR did not provide specific figures for any other aspect of compensatory damages that may be recoverable. (*Id.*). The Court understands that the parties have engaged economic experts to value the claim for compensatory damages.

decision irrespective of whether a stay was imposed during such an appeal or if the case proceeded on two tracks before both the District Court and Court of Appeals simultaneously. As the parties are well aware, this case was filed in 2008 and unfortunately, the prior appeals have done very little to advance the litigation in a meaningful way, resulting in years of an effective stay of district court proceedings, with the case barely proceeding beyond KBR's invocation of its defenses under the political question doctrine and the combatant activities exception. (*See generally* Docket Report, Civ. A. No. 08-563). The case is now finally back on track as it is approaching the close of fact discovery, with dispositive motions and *Daubert* motions due to be filed in the near future, argument set on same in July of 2016 and rulings to follow. (Docket No. 348).[5] This briefing schedule was issued given KBR's repeated statements that it has several meritorious motions for summary judgment that it intends to file. (*Id.* at 8-11). Of course, a court order granting summary judgment for KBR could moot any pending interlocutory appeal and would prove to have wasted scarce judicial resources at the appellate level, along with the time and efforts of the parties and their counsel to present their positions on the appeal to the appellate court.

In the earlier opinion denying KBR's first motion for an interlocutory appeal, this Court referenced Federal Rule of Civil Procedure 1, *see Harris*, 2009 WL 1248060 at *4, n.1, which then stated that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1

---

[5]    The Court's Order states that:
   3. Completion of all remaining discovery ends 4/29/16;
   4. All remaining dispositive motions and *Daubert* motions are due by 5/20/16;
   5. Any responses are due by 6/17/16;
   6. Any replies are due by 7/1/16;
   7. Any surreplies are due by 7/15/16;
   8. Motion Hearing and Argument are set on July 19, 20 and 21, 2016 starting each day at 9:30 a.m. in Courtroom 5B, 5th Floor, United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania.
(Docket No. 348).

(2007). Rule 1 was amended as of December 1, 2015[6] and now provides that the Federal Rules "should be construed, administered, <u>and employed by the court and the parties</u> to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1 (2015) (emphasis added). Recently, the District Court in *Summy-Long v. the Pennsylvania State University, et al.*, 2016 WL 74767 (M.D. Pa. Jan. 7, 2016), discussed the amendments to Rule 1 and Chief Justice John Roberts' comments as to same in the Supreme Court of the United States' 2015 Year-end Report on the Federal Judiciary. The *Summy-Long* Court focused on the following statements by Chief Justice Roberts that provide further guidance to the Court in this situation:

> Although Rule 1 "has been expanded by a mere eight words," Chief Justice Roberts wrote, "those are words that judges and practitioners must take to heart." As the Chief Justice emphasized:
>
> > The underscored words make express the obligation of judges and lawyers to work cooperatively in controlling the expense and time demands of litigation—an obligation given effect in the amendments that follow. The new passage highlights the point that lawyers— though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes.
>
> > Accordingly, it is now unmistakable that the Court and the parties in any federal civil action must constantly strive to resolve unsettled disputes with the ultimate end of a "just, speedy, and inexpensive determination of every action and proceeding."

*Id.* at *7-8 (internal quotations citations omitted).

In light of *Summy-Long*, which this Court finds persuasive and Chief Justice Robert's comments regarding the newly revised Rule 1, this Court cannot support an interlocutory appeal at this juncture. *Id.* To reiterate, the question presented by KBR is overbroad and the dispute

---

[6] The Court notes that the 2015 version of the Federal Rules of Civil Procedure apply to this ongoing action to the extent practicable. *See* FED. R. CIV. P. Refs & Annos (Order of April 29, 2015) ("the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.").

that this Court actually decided is too narrow for any decision by the Court of Appeals to materially advance the termination of this litigation. It is apparent that additional District Court proceedings would be necessary at the conclusion of any such appeal. Moreover, after the roller coaster ride caused by the prior appeals, this case is finally back on track before the District Court and the permission of an interlocutory appeal would cause unnecessary costs, expenses and further delays in this matter, counter to the dictates of Rule 1. From this point forward, it is the shared duty of the Court and the parties to bring this litigation to a final judgment as promptly, efficiently, and inexpensively as possible. FED. R. CIV. P. 1 (2015).

For these reasons, the Court concludes that KBR has not met its burden to show that an interlocutory appeal would materially advance the termination of this litigation.

### 4. Discretion of the Court

Even if the Court found that all of the § 1292(b) factors had been met, the Court retains broad discretion to deny KBR's request for an interlocutory appeal. *See Bachowski,* 545 F.2d at 368. For many of the same reasons already expressed, this Court alternatively holds that it declines the interlocutory appeal as a matter of discretion. It is this Court's opinion that this case should proceed to a final judgment in the District Court at which time an appeal can be taken on any or all of the challenged issues. "Certification is not to be granted routinely, but is to be used in the rare cases where an immediate appeal will avoid costly and protracted litigation." *Bush v. Adams*, 629 F. Supp. 2d 468, 474 (E.D. Pa. 2009) (citations omitted). This is not one of the rare instances where an interlocutory appeal should be permitted.[7] Accordingly, KBR's motion fails for this reason as well.

---

[7] The case management statistics produced by the Administrative Office of the Courts demonstrate that interlocutory appeals are indeed rare—only 2 applications for interlocutory appeals were submitted by litigants to the United States Court of Appeals for the Third Circuit during the year ending June 30, 2015. *See* United States Courts, Federal Court Management Statistics, June 2015, *available at*: http://www.uscourts.gov/statistics-

IV.    CONCLUSION

Based on the foregoing, KBR's Motion [352] is DENIED.  An appropriate Order follows.

_s/Nora Barry Fischer_
Nora Barry Fischer
U.S. District Judge

Dated: April 27, 2016

cc/ecf:  All counsel of record.

---