IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL A. HARRIS, Co-Administratrix of the Estate of RYAN D. MASETH, deceased, and DOUGLAS MASETH, Co-Administrator of the Estate of RYAN D. MASETH, deceased,<br><br>    Plaintiffs,<br><br>v.<br><br>KELLOGG, BROWN & ROOT SERVICES, INC.,<br><br>    Defendant. | Civil Action No. 08-563<br>Judge Nora Barry Fischer |

## MEMORANDUM ORDER

Presently before the Court are KBR's Motion to Dismiss Based on *Yearsley* Qualified Immunity, (Docket No. [395]), its Brief in Support, (Docket No. [396]), Plaintiffs' Brief in Opposition, (Docket No. [430]), KBR's Reply, (Docket No. [437]), and Plaintiffs' Sur-Reply, (Docket No. [441]). After careful consideration of all of the parties' submissions, and for the following reasons, KBR's Motion to Dismiss [395] is DENIED.

In so holding, the Court notes that KBR's Motion seeks to dismiss this matter for lack of subject matter jurisdiction under Rule 12(b)(1) based on its assertion of qualified immunity under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1940). (Docket No. 396). But, KBR's Motion to Dismiss is procedurally flawed because the Court finds persuasive cases holding that the defense of qualified immunity under *Yearsley* is not "jurisdictional," and cannot be raised under Rule 12(b)(1). *See Adkisson v. Jacobs Engineering Group, Inc.*, 790 F.3d 641, 646-47 (6th Cir. 2015) ("*Yearsley* is not jurisdictional in nature."); *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009) ("Based on the Supreme

1

Court's actions in *Yearsley*, we hold that concluding *Yearsley* is applicable does not deny the court of subject-matter jurisdiction."); *Kuwait Pearls Catering Company, WLL v. Kellogg Brown & Root Services, Inc.*, 2016 WL 1259518, at *22 (S.D. Tex. Mar. 31, 2016) (citing *Adkisson* and *Ackerson*) ("[T]he government contractor defense [set forth in *Yearsley*] is not jurisdictional; therefore claims that fall under its rubric cannot be dismissed under Rule 12(b)(1)."); *Campbell-Ewald Co. v. Gomez*, --- U.S. ---, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016) (affirming Ninth Circuit's reversal of the District Court's grant of summary judgment under *Yearsley*); *In re World Trade Center Disaster Site Litigation*, 456 F. Supp. 2d 520, 559-66 (S.D. N.Y. Oct. 17, 2006) (evaluating government contractor defense under *Yearsley* utilizing summary judgment standard). Rather, it is this Court's opinion that, consistent with Third Circuit precedent, qualified immunity must be treated as an affirmative defense challenging the merits of the claim and such defense must be brought by litigants under Rule 12(b)(6), 12(c) or 56, if matters outside the pleadings are considered. *See e.g., Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001) (qualified immunity may be granted under Rule 12(b)(6) "only when the immunity is established on the face of the complaint"); *Carley v. Wheeled Coach*, 991 F.2d 1117 (3d Cir. 1993) (government contractor defense under *Boyle* analyzed under Rule 56 summary judgment standard); *cf. Harris v. Kellogg Brown & Root Services, Inc.*, 724 F.3d 458, n.1 (3d Cir. 2013) (noting that the "assertion of sovereign immunity by the federal government … is jurisdictional" but that preemption arguments by defense contractor "relate to the merits of the case" and must be made as "a motion under either Rule 12(b)(6) or for summary judgment").

Indeed, the Court of Appeals has recently instructed District Courts to approach these types of disputes as to the applicable standard of review with "particular care" and to refrain from engaging in "improper consideration of a merits question under Rule 12(b)(1)" because it

"significantly raises both the factual and legal burden on the plaintiff." *Hartig Drug Co. Inc. v. Senju Pharmaceutical Ltd., et al.*, --- F.3d ---, App. No. 15-3289, 2016 WL 4651381, at *n.14 (3d Cir. Sept. 7, 2016) ("Because Rule 12(b)(6) is the preferred mechanism for the early testing of a plaintiff's claims, and because defendants are nevertheless likely to prefer the relaxed standards of Rule 12(b)(1), district courts confronted with arguments framed as 12(b)(1) challenges to jurisdiction should approach those arguments with particular care."). The same is true here because KBR has the burden of proof on its affirmative defense of qualified immunity. (Docket No. 437). Hence, KBR can only obtain summary judgment through a showing that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law as to every element of the affirmative defense. *See e.g., El v. Southeastern Pennsylvania Trans. Authority (SEPTA)*, 479 F.3d 232, 238 (3d Cir. 2007) (citations omitted) (when a party moves for summary judgment on an affirmative defense "it must show that it has produced enough evidence to support the findings of fact necessary to win" at trial and that "a reasonable juror would be compelled to find its way on the facts needed to rule in its favor on the law.").

Although KBR suggests in a footnote in its Reply Brief that the Court has discretion to convert its Rule 12(b)(1) motion to a motion for summary judgment, the Court declines to do so for several reasons. (Docket No. 437). As is noted above, prior to filing this particular motion to dismiss on May 20, 2016, the U.S. District Court for the Southern District of Texas rejected KBR's contention that *Yearsley* qualified immunity was "jurisdictional" in nature. *See Kuwait Pearls Catering Company*, 2016 WL 1259518, at *22. KBR and its counsel[1] could have

---

[1] Of course, KBR is bound by the decisions of its able counsel on what amounts to litigation strategy. *Lehman Bros. Holdings v. Gateway Funding Diversified Mortgage Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (parties cannot "avoid the consequences of the acts or omissions of [their] freely selected agent[s]. Any other notion would be

proceeded to bring this motion alternatively raising Rules 12(b)(1) and 56 but chose not to do so, and instead relied upon Rule 12(b)(1) exclusively in its motion, proposed order and opening brief. (*See* Docket No. 395 ("Pursuant to Federal Rule of Civil Procedure 12(b)(1) and the U.S. Supreme Court's January 20, 2016 decision in *Campbell-Ewald Co. v. Gomez* ….")). "Further, legal arguments not raised and relief that is not sought specifically in the initial motion are generally deemed waived," *Vay v. Houston*, Civ. A. No. 14-769, 2016 WL 1408116, *8 (W.D. Pa. Apr. 11, 2016) (citations omitted), such that any attempt to broaden the relief sought via the footnote in the Reply Brief is not sufficient to convert it to a motion seeking the entry of summary judgment.

Moving on, even if the "conversion" argument had not been waived, KBR's motion to dismiss is otherwise incapable of conversion to a summary judgment motion because to do so would undermine the Court's prior Orders governing the present motions practice. (*See* Docket Nos. 348; 392; 436; 456). This Court required that all summary judgment motions comply with Local Rule 56 and also issued page limitations that it has already enforced, striking KBR's three separate summary judgment motions and requiring it to refile a single, consolidated summary judgment motion within those page limitations. (*See* Docket No. 436). KBR also did not rely upon its separately filed appendix and concise statement of material facts in support of this particular motion. (*See* Docket Nos. 395; 396). Instead, KBR cites to the Court's prior factual findings in the 2012 decision that was reversed by the Court of Appeals, suggesting that those factual findings are "undisputed" for present purposes. (*See* Docket No. 396 at 9-11). However, as the Court held in its September 6, 2016 Order, the 2012 decision and the factual findings set

---

wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent[.]")).

forth therein are not binding on the parties by operation of the Local Rules. (*See* Docket No. 456 at 2-3 ("[T]he Local Rules of Court expressly provide that facts that are undisputed in the course of summary judgment proceedings litigated under Local Rule 56 are 'deemed admitted' only 'for the purpose of deciding the motion for summary judgment,' and not for all purposes.")). Likewise the Court is not bound by those prior findings for the same reason. In sum, KBR's motion to dismiss should have been brought under Rule 56 and in compliance with this Court's Orders.

Finally, as Plaintiffs point out, courts have held that *Yearsley* does not automatically preclude third party claims alleging contractor negligence against KBR for activities under its contracts with the military. *See e.g., In re KBR, Inc. Burn Pit Litigation*, 744 F.3d 326, 345-46 (4th Cir. 2014) ("as *Yearsley* and *Myers* show, KBR is entitled to derivative sovereign immunity only if it adhered to the terms of its contract with the government" and "if KBR enjoyed some discretion in how to perform its contractually authorized responsibilities, the discretionary function exception would apply, and KBR could be liable."); *Bixby v. KBR*, 748 F. Supp. 2d 1224, 1241 (D. Oregon 2010) ("Where, however, the contractor is hired to perform the same task, but is allowed to exercise discretion in determining how the task should be accomplished, if the manner of performing the task ultimately causes actionable harm to a third party the contractor is not entitled to derivative sovereign immunity, because the harm can be traced, not to the government's actions or decisions, but to the contractor's independent decision to perform the task in an unsafe manner."). Rather, as noted above, to succeed on this affirmative defense, KBR must point to the existing record and demonstrate that there are no genuine disputes of material fact and that a reasonable jury would be compelled to find in its favor. *See El*, 479 F.3d at 238. KBR has not done so here.

For these reasons,

IT IS HEREBY ORDERED that KBR's Motion to Dismiss [395] is DENIED.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: September 9, 2016

cc/ecf: All counsel of record.