IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHERYL A. HARRIS, Co-Administratrix of the Estate of RYAN D. MASETH, deceased, and DOUGLAS MASETH, Co-Administrator of the Estate of RYAN D. MASETH, deceased, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 08-563 Judge Nora Barry Fischer |
| KELLOGG, BROWN & ROOT SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 5th day of January, 2017, upon consideration of the Motion to Strike Report of Neutral filed by mediator David B. White, Esquire, (Docket No. [465]),

IT IS HEREBY ORDERED that said Motion [465] is GRANTED, in part, and DENIED, in part. Said Motion is granted to the extent that the Report of Neutral filed by Mr. White on December 30, 2016 will be stricken from the record. However, said Motion is denied insofar as Mr. White asks that the Court strike the standard Administrative Closeout Order entered in this matter, aside from the reference to his being a "court-appointed neutral," which is stricken from the Order.

In so holding, the Court notes that the filing of a Report of Neutral by a mediator appointed by the Court under the ADR Program is required by Rule 3.10 of the Court's ADR Policies and Procedures which states that:

> **3.10 REPORT OF THE NEUTRAL**
>
> Within five (5) days of the conclusion of the mediation, the mediator must electronically file the "Report of Neutral" which

1

> includes the caption and case number, the date of the mediation, whether any follow up is scheduled, whether the case resolved in whole or in part, and any stipulations the parties agree may be disclosed.

See ADR Policies and Procedures, effective February 1, 2012, available at: http://www.pawd.uscourts.gov/sites/pawd/files/ADRPolicies.pdf (last visited 1/4/17). Notably, the Neutral's duty to submit the Report of Neutral to the Court under Rule 3.10 is not contingent on the consent of the parties. Here, as Mr. White was not officially re-appointed by the Court to mediate this dispute in December of 2016, and was reengaged by the parties outside the ADR Program, this provision did not require him to file the Report of Neutral.[1] However, it is helpful to the Court's administration of its docket to receive reports from private neutrals that matters are resolved, particularly in cases where numerous motions are pending for disposition by the Court. Indeed, without such reports, the Court may expend significant judicial resources unnecessarily analyzing motions that are mooted by actions outside of the Court's control.

In the present motion, Mr. White advises that the Report of Neutral was mistakenly filed without the "express permission from counsel for the respective parties to file said Report." (Docket No. 465 at ¶ 3). Given his request and the lack of an affirmative duty to file the Report of Neutral, the Court will strike his report and the corresponding reference to his being a court-appointed neutral in the Administrative Closeout Order. However, aside from that erroneous reference, Mr. White lacks standing to challenge the entry of the Administrative Closeout Order

---

[1] To this end, Mr. White was appointed by the Court to mediate this matter in January of 2016 and he held a mediation session with the parties in February of 2016 after which he reported to the Court that the matter did not resolve. (Docket Nos. 358, 380). Hence, his service as a court-appointed neutral was concluded at that time. In December of 2016, Mr. White was reengaged by the parties to mediate this matter without the Court's involvement or the entry of a second referral order.

which expressly provides that "nothing contained in this Order shall be considered a dismissal or disposition of this action, and, that should further proceedings therein become necessary or desirable, either party may initiate them in the same manner as if this Order had not been entered." (Docket No. 464).[2]

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

cc/ecf: All counsel of record.

---

[2] In nearly 10 years on the Bench, the Court does not recall entertaining any objections to the language of the standard Administrative Closeout Order.